IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER SCOTT BRYNER,<br><br>  Plaintiff,<br><br>vs.<br><br>MANCINI, WELCH & GEIGER LLP, JAMES W. GEIGER as an individual, MAUI URGENT CARE, entity, and H. TAVAKOLI, individual,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 59 MOTION AND MOTION FOR LEAVE TO AMEND<br><br><br>Case No. 2:09-CV-1060 TS |

This matter is before the Court on Plaintiff's Rule 59 Motion to Alter the Judgment and Motion to Amend. For the reasons set forth below, the Motion will be denied.

This Court granted Defendants' Motions to Dismiss based on a lack of personal jurisdiction in an Order dated April 7, 2010.[1] The Clerk of Court entered judgment in Defendants favor on the same day.[2] Plaintiff filed the current Motion on May 5, 2010. Plaintiff

---

[1]Docket No. 28.

[2]Docket No. 29.

1

requests relief under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows for the filing of a "motion to alter or amend a judgment . . . [when] filed no later than 28 days after the entry of judgment."[3]

"Generally, Rule 59(e) motions 'should be granted only to correct manifest errors of law or to present newly discovered evidence.'"[4] Plaintiff neither established manifest errors of law nor newly discovered evidence. Instead, Plaintiff merely recites the applicable personal jurisdiction law, then asks for permission to file "an amended complaint which specifically excludes any liability of cause of action arising only in Hawaii, as opposed to the communications which were made in Utah."[5] Permitting Plaintiff to amend a failed complaint would give him a second bite at the apple. This is not the purpose of a rule 59 Motion.

Because Plaintiff has not established any manifest errors of law in the Court's previous ruling, nor introduced newly discovered evidence, the Court hereby

ORDERS that Plaintiff's Rule 59 Motion and Motion for Leave to Amend (Docket No. 30) is DENIED.

---

[3] FED. R. CIV. P. 59.

[4] *MacArthur v. San Juan County*, 405 F.Supp. 2d 1302, 1306 (10th Cir. 2005) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000)).

[5] Plaintiff's Rule 59 Motion, Docket No. 30 at 4.

DATED July 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge